IN THE UNITED STATES BANKRUPTCY COURT FOR

THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 19-06636-EAG11 |
| CDT DE SAN SEBASTIAN INC | Chapter 11 |
| Debtor(s) | ADVERSARY NUMBER: 22-00007-EAG |
| VIP ENERGY CONSULTANTS CORP | |
| Plaintiff(s) | |
| WALLACE VAZQUEZ SANABRIA; | |
| CESAR NEGRETTE MUNIZ, LUIS | |
| RAMIREZ ANDUJAR, PEDRO GARCIA | FILED & ENTERED ON SEP/08/2023 |
| MEJIAS; EDUARDO RODRIGUEZ | |
| VAZQUEZ; ISABEL NEGRONI | |
| SERRANO, JOSE RAMON CINTRON, | |
| BANCO POPULAR DE PUERTO RICO, | |
| INC., CENTRO DE DIAGNOSTICO Y | |
| TRATAMIENTO DE SAN SEBASTIAN | |
| INC., CENTRO DE MEDICINA & | |
| CIRUGIA AMBULATORIA DE SAN | |
| SEBASTIAN, THE CONJUGAL | |
| PARTNERSHIP OF EDUARDO | |
| RODRIGUEZ VAZQUEZ AND ISABEL | |
| NEGRONI SERRANO | |
| Defendant(s) | |

**OPINION AND ORDER**

Pending before the court are two motions for sanctions against attorney James P. Conlan. The first was filed under Bankruptcy 9011 by debtor/defendant CDT de San Sebastián, Inc. ("CDT").[1]

---

[1] Unless otherwise indicated, all references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101-1532. All references to "Bankruptcy Rule" are to the

The second was filed under Bankruptcy Rule 9011 and 28 U.S.C. § 1927 by defendants Isabel Negroni Serrano, Eduardo Rodriguez Vazquez, and their conjugal partnership (collectively, "Negroni-Rodriguez").[2] Conlan opposed both motions.

### I.      Jurisdiction

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### II.      The Movants' Positions

As mentioned above, CDT asks the court to impose sanctions against Conlan under Bankruptcy Rule 9011(b). Negroni-Rodriguez also do but include under 28 U.S.C. § 1927 too. CDT also requests the referral of Conlan to a magistrate judge or disciplinary committee for further disciplinary action. The movants allege that they have spent extensive time defending their respective clients from Conlan's attempts to relitigate matters previously resolved by the court and responding to filings so numerous, incomprehensible, and convoluted as to have multiplied the proceedings unreasonably and vexatiously. Additionally, Negroni-Rodriguez requests the entry of an order granting their unopposed request for sanctions against VIP. VIP has failed to appear through counsel regarding the motion for sanctions against it.

CDT served Conlan with a safe-harbor letter on November 9, 2021. It alleges that Conlan failed to withdraw the challenged papers or correct them. CDT argues that Conlan's pattern of filing motions not warranted by existing law, without factual foundation, for improper purposes, and with the intent to harass caused unreasonable delay of the proceedings, needlessly increased the cost of litigation, and has continued. CDT further argues that the court denied remedies pursued in the main case by Conlan, related to three main matters:

---

Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

[2] Bankruptcy Rule 9011(c)(1)(A) requires that a motion for sanctions under the rule be made "separately from other motions or requests." Consequently, the court can grant relief to Negroni-Rodriguez but only under 28 U.S.C. § 1927 and against Conlan. See Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 244 (1st Cir. 2010).

1. Allowance of administrative expenses allegedly incurred by VIP grounded on its alleged ownership of estate property.
2. The valuation of estate property which VIP argued secured its claim.
3. VIP's objections to Banco Popular's proofs of claim, the stipulation between CDT and Banco Popular, and the plan confirmation.

Despite multiple attacks by VIP, all its numerous attempts to reinstate its secured status failed. It remains an unsecured creditor subject to the terms of the confirmed plan.

Negroni-Rodriguez allege that VIP and Conlan filed numerous motions unsupported by fact or law, without proper investigation, requesting remedies not warranted by law, in a frivolous fashion, in a clear abuse of process, without authorization by the court, and relitigating matters previously resolved. Negroni-Rodriguez also request non-monetary sanctions in the form of an order enjoining Conlan from filing further motions in the main case and adversary proceeding. Negroni-Rodriguez served Conlan with its safe-harbor letter on May 9, 2023.

CDT alleges that its attorney spent 193.30 hours defending it from the challenged papers filed by Conlan, which resulted in legal fees of $39,060.00. Negroni-Rodriguez allege that their attorney similarly spent 160.70 hours, for a total amount of $21,642.17 in legal fees.

### III.    Conlan's Position

Conlan's position is that sanctions do not proceed on any of the grounds argued by the movants. He argues that the order confirming the plan should still be revoked due to the "fraud perpetrated by the parties." Conlan states that "[i]n each case, VIP exercised its standing to report the felonious acts as new evidence or as fraud that in respondent's eyes provided fresh grounds for a new Rule 9024 motion to reconsider a disallowed secured claim that, as it happens, was initially disallowed without a contest." He says,

> There was no vexatious or piecemeal litigation. On the contrary: at all times, Respondent complied with his duties to the tortfeasors to give them notice that his client was planning to bring a RICO cause of action against them, in part because of the pattern of 11 U.S.C. 152 violations that had occurred in the case. At all times, respondent provided the Court notice of these violations as 18 U.S.C. 4 requires. At all times, even when he was ill and was unable to perform well, respondent litigated his client's cause diligently in bankruptcy in an attempt to reduce the injury to his client's business and property.

According to Conlan, "movants did not complete their duty to moot VIP's standing at RICO by curing the very real injury to VIP's property that they had knowingly and fraudulently caused."

In response to the monetary sanctions requested by Negroni-Rodriguez, Conlan argues that their attorney was representing part of the time debtor CDT and unreasonably duplicating the work of CDT's attorney. If the services were not "reasonably likely to benefit the estate" or "necessary to the administration of the case," Conlan argues principles of "reasonableness" precludes the court from awarding compensation to the professional, citing section 330(a)(4)(A)(ii)(I) and (II). Conlan also argues that, even if VIP's filings were completely incomprehensible, the court cannot award CDT monetary sanctions for $3,240 in fees related to issues still pending on appeal and outside the scope of this proceeding.[3]

### IV.     Sanctions

#### a.  Bankruptcy Rule 9011

Bankruptcy Rule 9011 states:

> (b) REPRESENTATIONS TO THE COURT. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically, so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically, so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b).  "This rule 'emphasizes responsible behavior on the part of [attorneys]' and requires them 'to conduct [themselves] in a manner bespeaking reasonable professionalism and consistent with the orderly functioning of the judicial system.'" In re Hermosilla, 2011 Bankr.

---

[3] On September 12, 2022, the district court entered judgment on case number 22-1140 (SCC) dismissing VIP's appeal with prejudice. Also, on September 7, 2023, the district court entered judgment on case number 22-1162 (GMM) dismissing VIP's appeal, in part, for lack of jurisdiction; and affirming the court's order denying VIP's third motion for reconsideration. At the time of this order, there is no pending appeal.

LEXIS 4285, *8 (B.A.P. 1st Cir. 2011). "A violation of Rule 11 . . . might be caused by inexperience, incompetence, willfulness, or deliberate choice." Sylver v. Sec. Pac. Fin. Servs. (In re Sylver), 214 B.R. 422, 428 (B.A.P. 1st Cir. 1997).[4] "[Bankruptcy] Rule 9011 demands that counsel's actions comport with an objective standard of lawyerly performance." In re Hermosilla, 2011 Bankr. LEXIS 4285 at *8.

"Courts generally apply an objective standard to determine whether a document was presented for an improper purpose. Courts may infer the purpose of a filing from the consequences of the motion, such as delaying the proceedings or creating 'a persistent pattern of clearly abusive litigation.'" White v. Burdick (In re CK Liquidation Corp.), 321 B.R. 355, 365 (B.A.P. 1st Cir. 2005) (citation omitted) (quoting Aetna Life Ins. Co. v. Alla Medical Services, Inc., 855 F.2d 1470 (9th Cir. 1988)). "[Bankruptcy] Rule 9011(b)(1) prohibits presentation of a document for an improper purpose. The rule lists harassment, delay or needless increase in litigation costs, but the list is not exhaustive." Collier on Bankruptcy ¶ 9011.04[7][a] (Richard Levin & Henry J. Sommer, 16th ed.).

However, it is pertinent to clarify that:

> [T]he court may not infer an improper purpose based solely on a finding that the legal claims or contentions are frivolous, in the sense of not being supported by existing law or a nonfrivolous argument for the extension of existing law, in violation of [Bankruptcy] Rule 9011(b)(2). This is because a finding that a paper was filed for an improper purpose allows the court to impose sanctions on a represented party as well as on the party's attorney. In contrast, a simple finding that a frivolous legal argument has been asserted permits sanctions to be imposed only against a party's attorney. A represented party may not be sanctioned for the assertion of frivolous legal arguments or contentions. Therefore, the "improper purpose" of [Bankruptcy] Rule 9011(b)(1) must be something more than mere assertion of frivolous or unfounded legal arguments or contentions that violate [Bankruptcy] Rule 9011(b)(2)."

Id. ¶ 9011.04[7][c].

"The focus is not whether the claim asserted was frivolous, but whether the attorney conducted an adequate inquiry into the facts and the law before filing the claim." In re Hermosilla, 2011 Bankr. LEXIS 4285 at *8. "Whether a litigant breaches his or her duty to conduct a reasonable inquiry into the facts and the law depends on the objective reasonableness of the

---

[4] Because Bankruptcy Rule 9011 is derived from Rule 11, "Rule 11 jurisprudence is largely transferable to [Bankruptcy] Rule 9011 cases." Featherston v. Goldman (In re D.C. Sullivan Co.), 843 F.2d 596, 598 (1st Cir. 1988).

litigant's conduct under the totality of the circumstances." <u>CQ Int'l Co. v. Rochem Int'l, Inc., USA</u>, 659 F. 3d 53, 62 (1st Cir. 2011). "In assessing whether an attorney's actions were objectively unreasonable 'a court may infer intent from a total lack of factual or legal basis for a suit.'" <u>Burda v. M. Ecker Co.</u>, 2 F.3d 769, 777 (7th Cir. 1993) (citing <u>Overnite Transp. Co. v. Chicago Indus. Tire Co.</u>, 697 F.2d 789, 794-95 (7th Cir. 1983)).

The court has discretion to impose sanctions against attorneys under Bankruptcy Rule 9011. If the court finds that Bankruptcy Rule 9011 has been violated "it may impose 'an appropriate sanction' upon the parties that have violated the rule." <u>Kristan v. Turner (In re Kristan)</u>, 395 B.R. 500, 504 (B.A.P. 1st Cir. 2008). However, the court is not required to do so. <u>In re Alonso</u>, 546 B.R. 1, 11 (Bankr. D.P.R. 2016).

Bankruptcy Rule 9011 provides in pertinent part:

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, and order directing payment to the movant of some or all of the reasonable attorney's fees and other expenses incurred as a direct result of the violation.
>
> (A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).
>
> (B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

Fed. R. Bankr. P. 9011(c)(2). Factors that a court should consider when determining to impose Bankruptcy Rule 9011(c) include:

> whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants.

<u>Dibbs v. Gonsalves</u>, 921 F. Supp. 44, 55 (D.P.R. 1996) (quoting Advisory Committee Notes to Rule 11); <u>In re Alonso</u>, 546 B.R. at 12.

As to the purpose of Bankruptcy Rule 9011 sanctions, the First Circuit Bankruptcy Appellate Panel stated the following:

> Sanctions generally serve a dual purpose of deterrence and compensation. With respect to deterrence, a court should limit the sanction to "what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." With respect to compensation, reasonable attorneys' fees and expenses incurred as a result of the sanctionable conduct may appropriately form the basis of a Bankruptcy Rule 9011 sanction.

Kristan v. Turner (In re Turner), 395 B.R. at 510 (citations omitted). Monetary sanctions "must be 'appropriate;' and an 'appropriate' sanction '*may* include an order to pay . . . the amount of the *reasonable expenses* incurred because of the [improper] filing . . ., including a reasonable attorney's fee.'" Bay State Towing Co. v. Barge Am. 21, 899 F.2d 129, 133 (1st Cir. 1990) (quoting Fed. R. Civ. P. 11).

"While reaffirming the inherent power of the district court to issue sanctions on counsel, the First Circuit has reiterated that these powers should be 'exercised with restraint and circumspection.'" Pimentel-Soto, 957 F.3d 82, 87 (1st Cir. 2020) (quoting United States v. Horn, 29 F.3d 754, 760 (1st Cir. 1994)). "The court should impose sanctions which are fair, reasonable, and bear some relation to both the attorney's ability to pay and his culpability." Holling v. United States, 1995 U.S. Dist. LEXIS 20121, *13, (E.D. Mich. 1995), R. & R. adopted, Holling v. United States, 934 F. Supp. 251 (E.D. Mich. 1996).

Also, a bankruptcy court may issue injunctions or restrictions on further filings if:

> (1) the litigant receives notice and a chance to be heard before the court enters the order; (2) there is an adequate record of the cases or abusive activities undertaken by the litigant; (3) the court makes a substantive finding that the claims brought were frivolous or were brought with the intent to harass the parties; and (4) the scope of the injunction is narrowly prescribed to fit the abuse that the court seeks to prevent.

Kristan v. Turner (In re Turner), 395 B.R. at 511.

### b. Counsel's Liability for Excessive Costs under 28 U.S.C. § 1927

Section 1927 of Title 28 of the United States Code provides that:

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

> Although both Rule 9011 and § 1927 have this same underlying purpose, the conduct which triggers their operation is different. Rule 9011 comes into play when an attorney or a party signs and submits a pleading or other paper, the contents of which have not been subject to a reasonable inquiry or which is not well-grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. In contrast, § 1927 is directed against conduct which unreasonably and vexatiously multiplies the proceedings in any case. To an extent these two provisions overlap, so that the same act may constitute a violation of either or both of them.

In re Sowers, 97 B.R. 480, 484 (Bankr. N.D. Ind. 1989). "[T]he fairest reading of section 1927 and its legislative history suggests that the statute's purpose is both to 'deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them.'" Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 247 (1st Cir. 2010) (quoting Riddle & Assocs., P.C. v. Kelly, 414 F.3d 832, 835 (7th Cir. 2005)).

The First Circuit Court has stated that:

> Behavior is 'vexatious' when it is harassing or annoying, regardless of whether it is intended to be so. Thus, if an attorney's conduct in multiplying proceedings is unreasonable and harassing or annoying, sanctions may be imposed under section 1927. The attorney need not intend to harass or annoy by his conduct nor be guilty of conscious impropriety to be sanctioned. It is enough that an attorney acts in disregard of whether his conduct constitutes harassment or vexation, thus displaying a 'serious and studied disregard for the orderly process of justice.' (Citations omitted).

Cruz v. Savage, 896 F.2d 626, 632 (1st Cir. 1990).

"The appropriate inquiry under § 1927 is 'on a course of conduct.'" Castellanos Grp. Law Firm, L.L.C. v. FDIC (MJS Las Croabas Props.), 545 B.R. 401, 421 (B.A.P. 1st Cir. 2016) (quoting Bowler v. United States INS, 901 F. Supp. 597 (N.D. N.Y. 1995)). "There must be some causal connection between the conduct and the continuation of proceedings that otherwise would not have occurred." Id.

### V. Fact Findings and Legal Analysis

In the present case and under a totality of the circumstances analysis, the court finds that sanctions are warranted against Conlan pursuant to Bankruptcy Rule 9011(c) and under 28 U.S.C. § 1927. The record is filled with numerous filings that attempted to relitigate the court's final and unappealable order denying the secured status of VIP's claim (Bankr. Dkt. No. 134). A year after

the final order was entered by the court and became unappealable, VIP commenced a consistent and extensive battle to relitigate the status of its proof of claim. The movants identified numerous filings attempting to relitigate the secured status of VIP's proof of claim. After a review of the challenged papers, the court concludes that the intent of the following filings was to improperly relitigate final and unappealable court's orders in violation of Bankruptcy Rule 9011(b)(1):

1. Objection to Banco Popular's claims numbers 16, 17, 18, and 19 (Bankr. Dkt. No. 268).

2. Motion to file amended proof of claim number 15 arguing that its claim was presented in the Property Registry as a mechanics lien perfected pursuant to 29 P.R. Laws Ann. tit. 29, § 196. (Bankr. Dkt. No. 284).

3. Objection to the third amended stipulation by CDT and Banco Popular as modified, alleging VIP's secured status (Bankr. Dkt. No. 285).

4. Motion for reconsideration regarding the court's order denying the motion to amend proof of claim number 15 (Bankr. Dkt. No. 347).

5. Motion requesting administrative payment in the amount of $172,663.20 arguing that "under the Law of Restitution, VIP Energy Consultants Corp. is entitled to cost-savings arising from DEBTOR-IN-POSSESSION's unlicensed invasion of its exclusive right to use its tax-exempt machinery to generate electricity." (Bankr. Dkt. No. 348).

6. Amended claim number 15-3 asserting, once again, a secured claim (Bankr. Dkt. No. 386).

7. Objection to confirmation of debtor's plan of reorganization (Bankr. Dkt. No. 413).

8. Motion to supplement VIP's omnibus objection to claims filed by Banco Popular (Bankr. Dkt. No. 419).

9. Answer to objection to claim (Bankr. Dkt. No. 424).

10. Objection to claim 16,17,18, and 19 by Claimant Banco Popular (Bankr. Dkt. No. 432).

11. Adversary proceeding against CDT, Banco Popular, Eduardo Rodriguez Vazquez, Isabel Negroni Serrano and their conjugal partnership; among other parties (Adv. Proc. No. 22-0007). As part of the allegations included in the adversary proceeding, VIP requested the disallowance of Banco Popular claims 16-1, 17-1, 18-1 and 19-1 (Bankr. Dkt. No. 436).

12. Reconsideration on the disallowance of the secured claim (Bankr. Dkt. No. 440).

13. Opposition to CDT's request for writ of cancellation, arguing that the matter was not ripe for adjudication. VIP re-alleged it had a secured claim and that the adversary proceeding was pending adjudication. (Bankr. Dkt. No. 487).

14. Motion for reconsideration of the court's order denying its opposition for entry of writ (Bankr. Dkt. No. 534).

15. Requests to stay of the confirmation order pending the resolutions of the adversary proceeding and the two appeals (Bankr. Dkt. No. 539).

16. Urgent motion requesting the court to vacate the order to the Registrar for the cancelation of the lien and to impose a stay on the distributions under the confirmed plan (Bankr. Dkt. No. 550).

The numerous and extensive papers filed flouted procedural rules, disregarded the finality of the court's orders, and therefore, were filed vexatiously and for an improper purpose. Also, the numerous filings and papers contained convoluted, incomprehensible, and unintelligible legal and factual arguments in violation of Bankruptcy Rule 9011(b)(2) and (b)(3). The filings also contained incomprehensible references to an excessive number of exhibits. Numerous examples of incomprehensible and/or convoluted filings were identified by the movants. After a thorough review, the court finds that the following papers demonstrate a consistent pattern of papers which contain convoluted, incomprehensible, and unintelligible legal and factual arguments:

1. Objection to Banco Popular's claims numbers 16, 17, 18, and 19 (Bankr. Dkt. No. 268).

2. Motion to inform regarding official translations and errata for omnibus Objection to BPPR's secured claims (Bankr. Dkt. No. 282).

3. Objection to third amended stipulation between CDT and Banco Popular (Bankr. Dkt. No. 285).

4. Motion submitting documents in support of tables in objection to third amended stipulation, including 22 exhibits (Bankr. Dkt. No. 288).

5. Request for extension of time to reply to motions filed by CDT and/or Banco Popular regarding dockets number 295, 296, and 308 (Bankr. Dkt. No. 328).

6. Motion for allowance of administrative payment for debtor-in-possession's use of VIP Energy Consultants Corp. personal property to generate electricity (Bankr. Dkt. No. 348).

7. Motion requesting extension of time to respond to Wallace Vazquez Sanabria, Esquire's application for compensation and motion to request the court to preserve the docket in light of the concealment that would arise from granting Banco Popular's motions to strike (Bankr. Dkt. No. 383).

8. Opposition to sanctions and Motion to disqualify Wallace Vazquez Sanabria (Bankr. Dkt. No. 391).

9. Objection to confirmation of debtor's plan of reorganization (Bankr. Dkt. No.413).

10. Motion for reconsideration of order approving the disclosure statement (Bankr. Dkt. No. 415).

11. Motion to supplement VIP's omnibus objection to claims filed by Banco Popular (Bankr. Dkt. No. 419).

12. Answer to objection to claim (Bankr. Dkt. No. 424).

13. Objection to claim 16,17,18, and 19 by Claimant Banco Popular (Bankr. Dkt. No. 432).

14. Reconsideration on the disallowance of the secured claim (Bankr. Dkt. No. 440).

15. Additional reconsideration to the approval of the disclosure statement (Bankr. Dkts. Nos. 450 and 451).

16. Motion to strike document (Bankr. Dkt. No. 457).

17. Opposition to Motion for entry of Order and Motion to show cause why confirmed plan ought not be rescinded and/or revoked (Bankr. Dkt. No. 463).

18. Motion for reconsideration of the court's order denying its opposition for entry of writ (Bankr. Dkt. No. 534).

19. Requests to stay of the confirmation order pending the resolutions of the adversary proceeding and the two appeals (Bankr. Dkt. No. 539).

20. Opposition to Banco Popular's Motion to inform sounding as motion to hold in abeyance adjudication of VIP's motion (Bankr. Dkt. No. 541).

21. Urgent motion requesting the court to vacate the order to the Registrar for the cancelation of the lien, to hold in abeyance consummation of the plan and to impose a stay on the distributions under the confirmed plan (Bankr. Dkt. No. 550).

22. Opposition to urgent motion on risk of denial of due process and other grounds (Bankr. Dkt. No. 613).

23. Motion to inform intervenor motion to amend the partial judgment in the adversary proceeding (Bankr. Dkt. No. 643).

24. Objection to Application for Final Decree as ruled-barred and unripe (Bankr. Dkt. No. 658).

Also, Conlan flouted the rules by filing numerous supplements, replies and amendments to re-litigate matters in disregard to the finality of the court's orders, such as the following additional papers:

1. Motion submitting documents in support of tables in objection to third amended stipulation, including 22 exhibits (Bankr. Dkt. No. 288).

2. Motion to supplement VIP's omnibus objection to claims filed by Banco Popular (Bankr. Dkt. No. 419).

3. Opposition to Banco Popular's Motion to Inform sounding as motion to hold in abeyance adjudication of VIP's motion (Bankr. Dkt. No. 541).

4. Opposition to Banco Popular's Motion to Inform sounding as motion to hold in abeyance adjudication of VIP's motion (Docket number 541).

Behind the theories and accusations of fraud and mishandling by CDT, its principals, and Banco Popular, Conlan's primary objective was to improperly alter the court's final order by which VIP's proof of claim was deemed unsecured. The court notes that by November 2021, Conlan was lengthily and incomprehensively replying, objecting, or responding to almost every filing and order in the case. Such filings multiplied unreasonably and vexatiously the proceedings. The court warned Conlan on several occasions regarding his conduct. However, he continued filing papers with convoluted and unintelligible legal and factual arguments.

The adversary proceeding also evinces Conlan's consistent and improper attempts to alter the unsecured status of VIP's proof of claim and to relitigate final orders. The pleading was convoluted and unintelligible, containing allegations of fraud and racketeering. The pleading attempted to void a final and unappealable state court judgment. The adversary proceeding re-challenged the value of the collateral, the secured status of Banco Popular's proof of claims and the right of ownership of the photovoltaic system installed in CDT's premises. All these matters had been previously resolved by legal proceedings and orders, either in the state court or in this bankruptcy court. The complaint, again, evidenced Conlan's inconformity with this court's determination of the unsecured status of VIP's proof of claim. It led to the Negroni- Rodriguez sanctions motion against Conlan.

The court notes that Conlan has engaged in similar conduct in other litigation. In Conlan v. Mid-Atlantic Region Comm'n on Higher Educ., 2016 U.S. Dist. LEXIS 197463, *6 (D.P.R. 2016), the district court dismissed with prejudice a complaint filed by Conlan and found that the pleading

"overall" contained an "incomprehensible narrative and convoluted allegations which ultimately do not state a plausible claim against any particular defendant."

An objective review of the record supports the imposition of sanctions. Conlan's inconformity with the development of CDT's bankruptcy reorganization motivated and resulted in the intentional, improper, unreasonable, and vexatious multiplication of the proceedings. Conlan pursued unsupported legal remedies, disregarded the finality of court's orders, and overtaxed the parties' and court's resources in violation of Bankruptcy Rule 9011(b) and 28 U.S.C. § 1927. These extensive and numerous filings prolonged the bankruptcy case unreasonably. The court finds that these papers were filed for the improper purpose of delaying the CDT's reorganization despite its compliance with the requirements of the Bankruptcy Code. These numerous filings constitute a persistent pattern of abusive litigation.

Also, Conlan's litigation tactics exceeded the levels of acceptability. Among Conlan's excessive litigation tactics, the court highlights his unfounded personal accusations against attorneys; his attempts to attribute to himself, on a personal level, "harms" under the alleged fraud schemes; and his continued attempts to represent VIP even after withdrawing as its legal representative.

For the reasons set forth above, the court finds that the Negroni-Rodriguez's request for monetary sanctions against Conlan are warranted under 28 U.S.C. § 1927. Therefore, the court orders Conlan to pay them the amount of $3,000.00 in monetary sanctions.

Also, for the reasons set forth above, the court finds that CDT's requests for monetary sanctions against Conlan are warranted under Bankruptcy Rule 9011(b). Therefore, the court orders Conlan to pay CDT the amount of $3,000.00 in monetary sanctions.

Additionally, the court finds that non-monetary sanctions against Conlan are appropriate. Conlan is hence barred from filing any papers or motions in representation of VIP in the main case and the adversary proceeding. If VIP needs to appear in either, it must do so through new legal representation. The court, in its discretion, concludes that all other remedies requested by the movants are unnecessary under the totality of the circumstances of these proceedings. Although the monetary sanctions imposed by the court are less than the movants requested, the court believes

the dollar amount of the imposed sanctions is sufficient to deter repetition of the sanctioned conduct.[5]

## VI. Conclusion

The court grants Negroni-Rodriguez's request for monetary sanctions against Conlan under 28 U.S.C. § 1927 (Bankr. Dtk. No. 609; Adv. Proc. Dkt. No. 105). Therefore, the court orders Conlan to pay them the amount of $3,000.00.00 in monetary sanctions.

Also, the court grants CDT's requests for monetary sanctions against Conlan under Bankruptcy Rule 9011(c) (Bankr. Dkt. No. 389; supplemented at Bankr. Dkt. No. 636). Therefore, the court orders that Conlan pay CDT the amount of $3,000.00 in monetary sanctions.

Additionally, the court finds that non-monetary sanctions against Conlan also are appropriate. Conlan is hence barred from filing any papers or motions in representation of VIP in the main case and the adversary proceeding.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8 day of September, 2023.

Edward A. Godoy
United States Bankruptcy Judge

---

[5] The court also notes that even though the court strongly urged Conlan on several occasions to hire separate counsel to defend against the sanction motions, Conlan repeatedly represented to the court that he did not have the resources to do so.